NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB # 913841**
Assistant United States Attorney
Greg.R.Nyhus@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00155-001-HZ |
| v. | |
| **RICHARD TIMOTHY HERNANDEZ,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **Defendant.** | |

A sentence of time served and one year of supervised release, subject to the standard conditions and including the special condition that defendant complete 40 hours of community service work is appropriate for this defendant and is consistent with the goals of sentencing under 18 U.S.C. § 35532(a).

/////

/////

**Government's Sentencing Memorandum**   **Page 1**
Revised July 2022

I.   **CRIME OF CONVICTION**

A.   Charges

On July 8, 2022, the defendant pled guilty to a single-count Superseding Information that charged on or about March 13, 2021, defendant Richard Timothy Hernandez, willfully damaged and destroyed, and attempted to damage or destroy, property owned by the United States, that is, glass windows of the Mark O. Hatfield United States Courthouse in violation of 18 U.S.C. § 1361.

A violation of Title 18 U.S.C. § 1361 is punishable by a maximum of one year in prison, a fine of up to $100,000, a one-year term of supervised release and a $25 fee assessment.

B.   Plea Agreement

The parties entered into a plea agreement pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The Court is not bound by the recommendation of the parties or the presentence report. The defendant may not withdraw any guilty plea or rescind the plea agreement if the Court does not follow the plea agreement or the recommendations of the parties. The plea agreement also contains a waiver of appeal.

C.   Offense Conduct

On the early evening of March 13, 2021, video surveillance of the southwest corner of the Mark O. Hatfield United States Courthouse was actively recording a civil disturbance in the area of 3rd Avenue and Main, in Portland, Oregon. Video recorded an individual, later identified as the defendant, throw more than 13 objects in the direction of the windows of Mark O. Hatfield United States Courthouse. On March 13, 2021, several windows were broken at the courthouse during a time defendant was actively engaged in throwing rocks. Again, video footage taken at

the ICE facility on March 20, 2021, and April 1, 2021, showed Hernandez throw 26 and 48 objects at the ICE facility, respectively. On both nights, extensive damage was done to the windows at both facilities.

## II.     SENTENCE RECOMMENDATION

### A.     Standards

The statutory factors found in 18 U.S.C. § 3553(a) include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§ 3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

### B.     Recommendation

Defendant was identified participating in the civil disturbances near and around the Mark O. Hatfield Courthouse on the early evening of March 13, 2021, at a civil disturbance that occurred shortly after barriers and protective plywood were removed from the building. Defendant was observed on security video throwing more than 13 objects in the direction of the windows of the courthouse, on an evening when several windows were broken. The defendant was also identified as throwing objects at windows at two subsequent nights of unrest. However,

defendant is developmentally disabled whose status requires assistance with daily activities, employment, and transportation.

The government agrees with the recommendation in the Presentence Report and recommends a sentence of time served and one year of supervised release, subject to the standard conditions and including the special condition that defendant complete 40 hours of community service work. The defendant may argue for 8 days incarceration in lieu of performing community service work, but not both.

### III.  CONCLUSION

Based on the foregoing, the government believes that a sentence of time served is appropriate and supported by 18 U.S.C. § 3553(a).

Dated: September 26, 2022.                                    Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB # 91384
Assistant United States Attorney